UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIDENCIO JAIME, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2638 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Fidencio Jaime pled guilty in the 176th District Court of Harris County, Texas to possession with intent to deliver at least 400 grams of methamphetamine. That court sentenced him to 35 years imprisonment and a $100 fine.

This case is before the Court on Jaime's petition for a writ of habeas corpus and respondent William Stephens' motion for summary judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted and Jaime's petition should be dismissed.

## I. Background

Jaime was charged by indictment with the offense felony of possession with intent to deliver a controlled substance. The substance was identified as methamphetamine weighing at least 400 grams. CR (Dkt. No. 13-3) at 22.[1] He pled guilty. 2 RR (Dkt. No. 13-6) at 4-9.[2] In accepting the plea, the trial court specifically noted that Jaime was "charged by indictment with the aggravated first degree felony offense of possession with intent to deliver a controlled

---

[1] "CR" refers to the Clerk's Record.

[2] "RR" refers to the Reporter's Record of proceedings in the trial court.

substance, methamphetamine, weighing at least 400 grams by aggregate weight." *Id.* at 4. The trial court informed Jaime that "[t]he punishment range for this offense . . . is not less than 15 years or more than 99 years or life in prison with up to a $250,000 fine," and noted that "you have no guarantee of any particular punishment." *Id.* at 7.

> Jaime returned to court for sentencing at a later date. At that time, the court stated:

>> based upon your previously entered plea of guilty and the evidence introduced, I will find you guilty of the first degree felony offense of possession with intent to distribute a controlled substance. I will assess your punishment at 35 years confinement in the Texas Department of Criminal Justice . . . I will also assess a $100 fine.

3 RR (Dkt. No. 13-7) at 36. The written judgment entered into the trial court's records, however, identified Jaime's crime as "delivery of cocaine over 400 grams," and his sentence at 35 months imprisonment, and no fine. The word "months" was crossed out and the word "years" written in by hand, and "N/A" was crossed out in the section listing the fine, and "100.00" written in by hand. The judgment also identifies Jaime as "Fidencio, Jaime" SH-05 (Dkt. No. 14-7) at 24.[3] The trial court subsequently entered a corrected judgment *nunc pro tunc*. Texas' First Court of Appeals affirmed the conviction and sentence. *Jaime v. State*, No. 01-11-00307-CR, 2012 WL 6754993 (Tex.App. [1st Dist.–Houston] Dec. 28, 2012).

Jaime filed a state habeas corpus application. The trial court entered findings of fact and conclusions of law, and recommended that relief be denied. SH-05 at 77-81. The Texas Court of Criminal Appeals denied the application on December 18, 2013. *Id.* at Action Taken page.

Jaime next filed this federal petition for a writ of habeas corpus. Respondent moved for summary judgment. Jaime responded to the motion.

---

[3] "SH" refers to the transcript of Jaime's state habeas corpus proceedings.

## II. <u>Applicable Legal Standards</u>

### A. <u>The Anti-Terrorism and Effective Death Penalty Act</u>

This federal petition for habeas relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with

regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The solitary inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254 (d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The State court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. §2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

**B.     The Standard for Summary Judgment in Habeas Corpus Cases**

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v.*

*Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases. In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). Where a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, however, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997). Consequently, where facts have been determined by the Texas state courts, this Court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

### III.   Analysis

Jaime's petition raises four claims for relief, including subclaims. These are addressed in turn.

#### A.   Ineffective Assistance of Counsel

In his first claim for relief, Jaime raises two subclaims of ineffective assistance of appellate counsel. To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth

> Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689. "Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Id.*, at 687.

A defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under state law. *Evitts v. Lucy*, 469 U.S. 387, 395 (1985). The *Strickland* two-prong standard applies to claims of ineffective assistance of appellate counsel. *Duhamel v. Collins*, 955 F.2d 962, 967 (5th Cir. 1992).

### 1.     **Failure to Move for a New Trial**

Jaime first contends that his appellate counsel rendered ineffective assistance by failing to move for a new trial on the grounds that someone tampered with the judgment. Any fair reading of the events outlined above leads to the conclusion that the written judgment originally entered in this case contained several clerical errors, and did not accurately reflect the intended judgment of the trial court. The trial court correctly stated the charge against Jaime and the sentence to be imposed on the record in open court. That the written judgment transposed Jaime's first and last names, incorrectly listed the substance he possessed as cocaine instead of methamphetamine, and listed the sentence as 35 months and no fine instead of 35 years and a $100 fine, were all obvious clerical errors. Indeed, the 35 month sentence is not even permissible under Texas law. The statutory sentence range for possession with intent to distribute more than 400 grams of a

controlled substance included in penalty group 1[4] is not less than 15 years. *See* TEX. HEALTH & SAFETY CODE § 481.112(f).

The state habeas court found that the original written judgment contained clerical errors, and the entry of a corrected judgment *nunc pro tunc* was a valid action to correct the erroneous written judgment and bring it into conformity with the judgment pronounced by the trial judge. SH-05 (Dkt. No. 14-7) at 79-80. At a minimum, this finding is a reasonable "determination of the facts in light of the evidence presented in the state court proceeding." *See* 28 U.S.C. § 2254 (d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Jaime does not rebut this finding with clear and convincing evidence, only with his unsupported theory that someone illegally tampered with the original written judgment. Therefore, the State court's factual determinations are presumed correct. 28 U.S.C. §2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

In light of the fact that the original judgment was merely the result of clerical error, appellate counsel did not render deficient performance by failing to make a meritless motion for a new trial. Moreover, Jaime suffered no prejudice because there is no likelihood that such a motion would have been successful. Jaime is not entitled to relief on this claim.

### 2.     Failure to Raise a Claim of Actual Innocence on Appeal

Jaime also contends that appellate counsel should have argued that Jaime is actually innocent of the crime specified in the written judgment because it listed the controlled substance at issue as cocaine when Jaime actually pled guilty to possession with intent to deliver methamphetamine. As discussed above, the original written judgment contained a number of clerical errors which were subsequently corrected. The judgment was correctly pronounced in

---

[4]     Both cocaine and methamphetamine are included in penalty group 1. *See* TEX. HEALTH & SAFETY CODE § 481.102(3)(D) and (6).

open court. For the same reasons discussed above, counsel was not deficient for failing to raise this meritless claim, and Jaime cannot demonstrate any likelihood that such a claim would have succeeded.

### 3. *Nunc Pro Tunc* Judgment

In his next claim for relief, Jaime argues that Texas state law did not allow for the entry of the corrected judgment *nunc pro tunc* under the circumstances of this case. The state habeas court found that the *nunc pro tunc* judgment complied with Texas law.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether the conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, this claim is not cognizable on federal habeas corpus review.

### 4. Actual Innocence

In his final claim for relief, Jaime argues that he is actually innocent of the crime specified in the original written judgment. As discussed above, the original written judgment contained clerical errors which did not accurately reflect the judgment as announced by the trial court. Those errors have been corrected.

In any event, a freestanding claim of actual innocence is not cognizable on federal habeas corpus review. "Claims of actual innocence . . . have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). This is so because "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Id.*

### IV. Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, and Jaime's petition is denied and is dismissed with prejudice.

### V. Certificate of Appealability

Jaime has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered each of Jaime's claims and concludes that each of the claims is foreclosed by clear, binding precedent. The court concludes that under such precedents Jaime has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). This Court concludes that Jaime is not entitled to a certificate of appealability.

## VI. Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A. Respondent William Stephens' motion for summary judgment (Dkt. No. 16) is GRANTED;

B. Petitioner Fidencio Jaime's petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITH PREJUDICE; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 28th day of August, 2015.

_____
Kenneth M. Hoyt
United States District Judge